[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: April 16, 1993 Date of Application: April 16, 1993 Date Application Filed: April 19, 1993 Date of Decision: May 24, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven.
Thomas M. Conroy, Esq.,: Defense Counsel, for Petitioner.
Robert O'Brien, Esq.,: Assistant State's Attorney, for the State.
Sentence Affirmed.
MEMORANDUM OF DECISION
By the Division:
Following a trial by jury, the petitioner was convicted of three counts of Robbery, 1st Degree and one Count of Conspiracy to Commit Robbery, 1st degree. (§§ 53-134 (a)(4) and 53a-48.
He was sentenced on each of the three robbery counts to consecutive terms of fifteen years, suspended after ten years, with five years probation. He was sentenced to a concurrent term of ten years on the conspiracy to commit robbery count, thus a total effective sentence of forty-five years, suspended after thirty years, with five years of probation, was imposed.
These crimes took place in the months of July and August, 1990. The petitioner and two co-defendants, employing a common scheme, called by telephone to order pizza or taxi service. When the driver responded, the petitioner or an accomplice pointed a shotgun at them and robbed them. The victims were obviously frightened by what one victim called the extremely violent attitude of the robbers.
Petitioner's counsel points out one of the co-defendants, who testified at the petitioner's trial and then pleaded guilty, was sentenced to a term of fifteen years and the other co-accused also CT Page 5984 pleaded guilty and was sentenced to a term of twelve years.
While the Division is not privy to the criminal records and backgrounds of the co-defendants, it is clear that they do not stand in the same posture as the petitioner. By admitting their complicity, and in the case of the one who actually testified, they exhibit some sign that they understand the gravity of their crimes and may be less likely to repeat them.
This petitioner has prior convictions for larceny, second degree in 1988 which resulted in sentence of five years, suspended after two; failure to appear, first degree in 1988 which resulted in the same sentence as the larceny. On September 8, 1989, he was released from incarceration and began a three year probationary period. He was described by his probation officer as hostile, threatening and dangerous. Although he had several misdemeanor convictions while on probation, he was not violated until a conviction for carrying a dangerous weapon in September 1990 resulted in a three year sentence for that offense and a concurrent three year sentence for violation of probation. The robbery charges under review were committed while he was on probation.
He is a substance abuser, both alcohol and various illegal drugs. He has a history of aggressive and anti-social behavior dating back to his early adolescence.
The trial court had an opportunity to assess his character during the course of the trial, was aware of his appalling record and assessed his prospects for future noncriminal behavior as poor. The need for public protection was an important consideration for the court, and the court's concern was documented and justified.
In light of the serious and repeated nature of the crimes, the character of the petitioner, the need for public protection and the deterrent, rehabilitative, and denunciatory purposes for imposing a sentence, the sentence was neither disproportionate nor inappropriate. It is affirmed.
 JOSEPH J. PURTILL, JUDGE LAWRENCE C. KLACZAK, JUDGE RAYMOND R. NORKO, JUDGE
Purtill, Klaczak and Norko, Js., participated in this decision. CT Page 5985